is case number 4160728, the people of the state of Illinois v. LaMonda Shepard. For the appellant we have Ms. Quirara-Wilson and then for the appellee we have Ms. Brooks. And Ms. Brooks I know you heard my explanation about Justice Connect earlier and I believe you were also in the courtroom when I explained earlier so I won't repeat that. You may proceed Ms. Quirara-Wilson. May it please the court, my name is Salome Quirara-Wilson and on behalf of the Office of the State Appellate Defender I represent Ms. LaMonda Shepard. When a defendant seeks a continuance close to the start of trial in order to hire a private counsel, the court must consider whether, must consider before deciding whether the request has been made for true reasons or if a defendant is simply trying to delay court or impede the efficient progress of his proceeding. This court has recognized that that right to choice of counsel is a fundamental right and therefore the court has to weigh its efficient administration of justice against that defendant's fundamental right. In this case, before the court could properly do that, it went ahead and denied Mr. Shepard's request for a continuance in order for him to hire a private attorney. The court did not do an adequate inquiry before doing that and in fact refused to listen to Mr. Shepard as he tried to explain his situation. The record does not indicate that Mr. Shepard had made his request in an attempt to delay the proceedings. Mr. Shepard had been in continuous custody since his arrest. He expressed a dissatisfaction with his public defender to withdraw and his public defender told the court that he had refused to do so. In response to the court's comment that Mr. Shepard should have thought of hiring a private attorney 11 months prior, Mr. Shepard tried to explain that he had just received 10 days before that motion more information from his public defender that I assume caused him to want to hire a private attorney. Still incarcerated, Mr. Shepard had gone the extra mile and hired Mr. Shepard as a private attorney. That private attorney did not inform Mr. Shepard until the night before this motion was made that he would not be able to take his case because he had a conflict of interest. Therefore, despite the late notice of Mr. Vig, Mr. Shepard had gone farther and identified another attorney that he hoped to retain, Mr. Lochner, and was asking the court for the continuance in order to retain Mr. Lochner's services. Therefore, Mr. Shepard is not in a situation as most other defendants are who the court concludes are trying to delay the proceedings because Mr. Shepard had gone above and beyond to show that he wasn't just trying to delay the proceedings, but he was actually trying to be represented at trial by counsel of his choice. As this court has noted in People v. Curry and People v. Bingham, when a court in Bingham and then Curry reiterated what Bingham's holding meant, in Bingham this court found that when a court fails to make that initial inquiry, that adequate inquiry, then the case has to be reversed. Bingham is a 2013 case and the court still found that despite the fact that Segoviano came out in 2000 and stated that when a trial counsel is not ready and willing, the trial court does not abuse its discretion in denying the motion. But here, the trial court could not find out if Mr. Lochner was able and willing because the court did not conduct its adequate inquiry. In cases such as Bingham and in cases such as People v. Adams from the First District, a 2016 case, Adams says even when counsel is not identified, reversal of the trial court's denial of a continuance is warranted where the trial court fails to inquire into whether the defendant is using the request as a delaying tactic. As I noted in my reply brief, the state doesn't argue that an adequate inquiry was conducted in this case because the inquiry wasn't there. And so, because of that, I see no questions. Because of that, we ask that this court reverse Mr. Shepard's convictions because that is the remedy and remand for a new trial. I rest on my briefs as to the second issue in this case. How many attorneys did he have? He tried to explain that to the court and again the court cut him off, but I know he had at least two attorneys before he tried to hire Mr. Vig. The record does not show why those attorneys were replaced by Mr. Shashlicht, who eventually represented him at trial. So he was on his third public defendant? At least his second. He says you gave me three lawyers. Yes, I apologize. Yes, he gave him three lawyers and he tries to explain why the other lawyers were not representing him at that time and the court cuts him off before he can explain whether it was because of something he had done or whether those previous attorneys had also been convicted out. We don't know. The record is silent. But you're asking for a new trial? Yes, because he was denied his fundamental right to counsel of his choice and that is the remedy this court gave in people beating him. And what about as to the Krankle inquiry? If the court does not agree with the first issue, then yes, for the Krankle inquiry it should be remanded for a new first stage Krankle inquiry. Thank you, counsel. You'll have additional time on rebuttal if you like. Ms. Brooks? Thank you, your honors. May it please the court. My name is Allison Paige Brooks and I represent the people. They cite the Adams case and Bingham type cases. Those involve day of trial requests for retaining private counsel. And here the initial request for incontinence was made on July 22nd, 2016. And the trial did not start until August 2nd, 2016. So the defendant had an opportunity to secure Mr. Loescher's services if he would have been able to do so. But he did not. And the record does not show why he did not. When did his counsel inform him that he was going to be unable to represent him due to the conflict? When did that occur in relation to when the trial took place? I'm trying to remember if that was at the July 22nd hearing when he said he learned the day before that Mr. Bigg was unavailable due to a conflict. And then he wanted an opportunity to retain Bruce Loescher. He could have gone ahead and done that. There was time for Mr. Loescher to enter an entry of appearance. So the idea that this is somehow a failure to inquire type situation like of Bingham or Adams where those are situations where the trial is happening that day. And the question under... There's a difference between the trial happening that day and the trial judge who says I don't care what you do, you're going to the trial August 1st. Right. Well, see, the Montgomery case distinguished or explained what Bingham really meant. And Bingham meant that if the trial court had inquired, it could have been determined that the defendant in fact did have an attorney who was ready and willing to make an unconditional entry of appearance. However, here, there's no... The indication was that he wanted to retain him, but that doesn't mean that Mr. Loescher was going to be available or that was willing to accept the retainer or that he might have also had a conflict. We just simply don't know. And that's the question of the inquiry is under Bingham, as explained by Montgomery, is whether the inquiry would have disclosed that the defendant's chosen attorney was ready and able, willing to make that unconditional entry of appearance. Here, that type of inquiry was not necessary because the defendant himself and through his attorney, Mr. Scherchlicht, had indicated that by saying he had hoped to retain Mr. Loescher is essentially admitted that he had not yet retained Mr. Loescher and that was trying to do so. Whether it was for financial reasons, like hoping to retain him, hoping that he could get together enough money to retain Mr. Loescher, we just don't know. And that's... You cannot find, this court cannot find a violation of the right to counsel of choice when the defendant's choice of counsel might not have been willing or able to represent the defendant or the defendant might not have been able to afford Mr. Loescher's services. We just don't know on this record and they're attempting to raise this as a matter of second-pronged plain error. A plain error has to be clear or obvious from the record and they're citing cases that are not directly on point because the day of trial situation is the defendant might have retained an attorney who could show up later that day, maybe, but we just don't know because of the inquiry. But here, there's plenty of time. It's not like he was being forced to trial on July 22nd. Mr. Loescher would have had over a week to file an entry of appearance, but instead on August 2nd, when the trial actually starts, Mr. Scherzle is there and there's no mention as to why Mr. Loescher was not and there's no explanation as to that other than perhaps Mr. Loescher did not want to enter an appearance in a case when the judge, Judge Schmidt, had said, we're going to trial that week, first week of August and make sure you tell Mr. Loescher that and if that's the case, that gets down to the Volkman case where there the trial date was firm and the new counsel actually did come to court and sought a 30-day continuance and there was no violation of the right of counsel's choice because the Volkman type situation, as this is what's close to, this type of case is not a clear, obvious error. It's the Volkman case where you actually have an attorney show up and request 30 days. Here, we just have this idea that he is hoping to retain Mr. Loescher. That's not a clear, obvious violation of the right to counsel's choice. So, without any indication that Loescher was ready, willing, and able to make an unconditional entry of appearance, with any of those elements were lacking under the Koss case, K-O-S-S, the denial of a motion for continuance is not an abuse of discretion. In the Sessions-Biano case, which is controlling, the request was for 21 days for the defendant to seek substitute of counsel. There was no averment that the counsel had been secured. There was no averment that that counsel was ready and willing to make the unconditional entry of appearance. And Sessions-Biano in the Illinois Supreme Court says that that was not an abuse of discretion. That is the standard. They cannot meet that standard, so now they're trying to complain that there is somehow a lack of adequate inquiry under Bingham and Adams. And Adams should not be followed if the standard is that the lack of inquiry means that it has to be with respect to whether this is a request or an attempt to delay the trial, because that's not the standard. The standard is, if the defendant has secured a new attorney who has made an unconditional entry of appearance, and that attorney then wants to make a continuance request, then the court has to then balance it. But it's not a situation where he's simply identified an attorney, but yet hasn't secured the service, and we don't even know if he can, then that somehow makes it a violation because of the lack of an adequate inquiry. So that's why the Adams is not really very persuasive in this sort of situation, because I think Adams gets the issue wrong. The issue isn't necessarily whether delay. The attempt to delay versus the balancing against the orderly administration of justice, that's when the defendant actually does bring a new attorney in, and the court has to say, no, wait a minute. I'm going to deny you your right of counsel to choice because, and then explain why, because this is an attempt to thwart administration of justice. So a defendant who attempts to bring in a new attorney every week just to make sure his case never goes to trial, the court can stop that, because the Sixth Amendment right to counsel of choice is not unlimited. It is limited, and a judge can prevent that counsel of choice. But we don't even get that far, because we haven't had a defendant who brings a new attorney in, and there's no indication from the defense that the new attorney services had been secured. So it then fits under the Chevlogiano framework, which means that, lacking that averment, that the denial of continuance, the denial of use of discretion, that decision is controlling. So with respect to the Krankel, the Raddus case came out recently. I do not believe I had the ability to have the benefit of that when I filed my brief, but it seems like this defendant's claims, the judge considered them to lack merit, and I think this falls under the part of Raddus where these claims were conclusory, and therefore did not rise to make a colorable claim of ineffective assistance. The fact that the defendant, even after the trial court's investigation, the inquiry, has not yet specified what witnesses or what evidence or what motions that he was complaining about, and what ways his case was neglected, in other words. And without that did only ask, I think, one question, but that question was broad enough and allowed the defendant an opportunity to explain in as many ways, I guess, as the defendant could have wanted to, why he believed this counsel was ineffective, and flesh out the pro se motion, written motion. So for that respect, the fact that the trial court did not go through step-by-step as the defendant, what motions should you have filed, what witnesses should you have called, what sort of evidence should your attorney have brought, those sort of questions are not necessarily required to go through step-by-step with the defendant to provide them with an inquiry to give them an opportunity to explain their motion. I think the Taylor case is sort of along those lines where it's not required for the judge to go through every single element of a pro se motion specifically. In the mention of Strickland here, the judge didn't reject the Krankel issue merely on the grounds of lack of meeting first pronged Strickland. Here the judge recognized the defendant failed miserably or woefully on the first prong, which means that this is really sort of in the area of a frivolous type of ineffective assistance of counsel claim. So it's not simply the failure to meet first pronged Strickland, which is not a basis that denied new counsel under Krankel. The state admits that that is not an adequate basis just simply because the defendant hasn't met a Strickland showing. Here the defendant's failure to meet the first pronged Strickland was miserable or woeful. That failure was so far from just a failure to meet first pronged Strickland, it is so far below that that makes it in the area of frivolous, and that's why it's not a tolerable claim. And because it does lack merit, new counsel does not have to be appointed and the post-trial motion could be denied. So for those reasons, the state would request this court to affirm judgment. Thank you. Any rebuttal argument, counsel? Thank you. With regard to the first argument, counsel states that if an attorney has, if a client has an attorney present, that that's when the inquiry is supposed to happen where the court balances the fundamental fairness to the efficient administration of justice. The state did not support that. The standard is the trial court is supposed to make that inquiry and balance that regardless of whether or not there's an attorney in court at that time. Segoviano simply says that a trial court that does not grant the continuance when there is not an attorney ready and willing, Segoviano does not say that that person has to be in court that day. In fact, in Segoviano they are dealing with a motion and the court says there is not even an environment or a representation in the motion that counsel was ready to come into court. I think, I believe only people because says that it's able and willing to put in an appearance in stanta. But in this course, court in Bingham still found the inquiry was required whether or not counsel was in court because counsel was not in court. Mr. Washington represented the defendant but he was not in court on the day that the defendant made the motion to continue in order to get Mr. Washington to substitute as counsel. Secondly, there's no difference between when the motion is made on the day of counsel or made a week before. If anything, Mr. Shepard was trying to not do what most most defendants were trying to seek a delay would do and make the motion the day of trial. He's making it a week before giving the court some time. What the state points to as reasons why we don't know what Mr. All this may have been settled by the court simply making inquiries as to what steps Mr. Shepard had taken to secure Mr. Lochner's services. Therefore, the error still remains. The court made no inquiry. The state doesn't argue that the court made an adequate inquiry. And which is why people view Volkman is still distinguishable because in that case, the defendant is asking for a conditional continuance, asking for a 30-day continuance in order to enter an appearance with his attorney. This court telling Mr. Shepard that he had to tell, I mean, I apologize, not this court, the trial court telling Mr. Shepard that he had to tell any attorney he hired that trial was still going to go forward on August 1st on three felonies with DNA and ballistic evidence was they essentially telling Mr. Shepard that he could not get anybody to represent him. He was chilling Mr. Shepard's attempt to hire a private attorney. I apologize. He had the public defender but telling him in terms of hiring another attorney because the state argues that he still had a week to hire a different attorney. This court was essentially telling Mr. Shepard no one could represent him by telling him he had to go to trial on three felonies with ballistics and DNA by August 1st, a week two. Briefly, I'd like to touch on some of the information or rather some of the arguments the state's making as to the second issue, the Krenkel issue. The state is citing people via Rodis, which was not cited in either of the briefs or alerted to defense counsel that the state is now relying on. But I will point to the fact that I believe Rodis states that as to matters of trial strategy, the court has to do more, to inquire more. And Rodis envisions a dialogue between the court and the defendant to flesh out those issues. Ultimately, it's a question of possible neglect, not a question of whether or not he's woefully failed under the first Strickland prompt. It's a question of possible neglect. And the court here held him to a Strickland standard, which is a much higher standard. And it's not whether the claims are frivolous or just barely colorable. That's not the standard. It's whether counsel had possibly neglected the case. And when you have issues of not interviewing witnesses or not reviewing evidence, those kind of issues cannot be fleshed out without a dialogue between the court and the defendant. And for that reason, I ask this court reverse Mr. Shepard's convictions and grant him a new trial, find the alternative, give him a new Krenkel inquiry. Thank you very much, counsel. We'll take this matter under advisement and be in recess.